IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-2559 RBJ-BNB

LEONE S. CORYELL,

    Plaintiff,

v.

JOE I. LASLEY and RAM TRUCKING, INC.,
a Wyoming Corporation

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

This Order is entered pursuant to the agreement of counsel for Plaintiff Leone S. Coryell ("Plaintiff") and counsel for Defendants Joe I. Lasley and Ram Trucking, Inc. ("Defendants"). Court finds as follows:

    A.    That Plaintiff possesses certain documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

    B.    That a Protective Order should be entered in this matter that will properly balance the discovery rights of the Defendants with the Plaintiff's right to protect the confidential, proprietary, or trade secret information, and it is therefore:

**ORDERED, ADJUDGED AND DECREED:**

    1.    All production and disclosure of "Confidential Information," as defined in Paragraph 2 below, during this litigation shall be governed by this Order. All materials provided by Plaintiff pursuant to this Protective Order that are designated Confidential Information shall be used solely and exclusively for the preparation for and conduct of this litigation, and shall not, unless directed by an appropriate Court, be made available, disclosed, or disseminated in any manner for any other purpose. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any person or entity not otherwise authorized to receive the information under this Order unless authorized to do so by

Court order.

2. "Confidential Information" means any information that is designated as confidential by the supplying party, including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or at trial, information revealed during depositions, and information revealed in interrogatory answers.

3. All Confidential Information shall be clearly and prominently marked on every single-page document, on at least the initial page or cover of a multi-page document (including deposition transcripts), and in a prominent location on the exterior of any tangible object, by:

   a. Placing the designation "CONFIDENTIAL" on the Confidential Information; or

   b. Overlaying language substantially similar to "PRODUCED PURSUANT TO PROTECTIVE ORDER" in *Coryell v. Lasley, et al.,* Case Number 11-CV-2559 RBJ-BNB, United States District Court for The District of Colorado on the text of the Confidential Information; or

   c. Otherwise indicating on the face of the Confidential Information that it is subject to the terms of a Protective Order.

4. Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation, and such letter must be received by counsel for the party making the designation no later than one hundred twenty (120) days after the objecting party received the Confidential Information to which it objects. If the parties are unable to resolve the objection, any party may move the Court to do so. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Protective Order. The party making the designation in question shall bear the burden of justifying that designation in any motion before the Court to modify or strike the designation.

5. The terms of this Protective Order may be modified only by written agreement of counsel for the parties or by further order of the Court. If fewer than all of the parties join in such an agreement, all information of the non-joining party or parties will be governed by this Order.

6. Subject to the provisions of Paragraphs 7 and 8 below, Confidential Information may be disclosed only to the following persons:

   a. The parties and attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under

        their supervision;

    b.    Court personnel and/or court reporters who are actively engaged in connection with the preparation for and trial of this litigation;

    c.    Expert witnesses retained for consultation or for testimony;

    d.    Any witness with prior knowledge of the information to be disclosed.

7.    Prior to the disclosure of any Confidential Information to any person not covered by Paragraphs 6(a)–(c) above, counsel for the party that has received such Confidential Information shall first provide such person with a copy of this Order, and shall require such person to execute the agreement attached as Exhibit 1 to this Order. Counsel for the party that has made Confidential Information available to persons not covered by Paragraphs 6(a)–(c) above is required to send a copy of the executed Exhibit 1 to counsel for the party that produced the Confidential Information, within thirteen days of such third person's receipt of Confidential Information.

8.    The provisions of this Order with respect to Confidential Information shall not apply to information which (a) was, is, or becomes public knowledge, through no violation of this Order; (b) is acquired in good faith from a third party not subject to this Order, such third party being lawfully in possession of such information and able to release it; (c) was possessed prior to receipt of the material asserted to be confidential from a source able to provide it without a breach of confidence; or (d) was or is discovered independently by the receiving party by means that do not constitute a violation of this Order.

9.    This Order shall bind all parties to this litigation to maintain all documents, electronic media, or other tangible materials containing Confidential Information as "Confidential" even after the final termination of the subject litigation. In so doing, the parties agree that Confidential Information shall not, unless directed by an appropriate Court, be made available, disclosed, disseminated in any manner for any other purpose even after the final termination of the subject litigation. Individuals authorized to review the Confidential Information pursuant to the Protective Order shall hold Confidential Information in confidence and shall not divulge said information following the conclusion and final termination of the subject litigation.

10.    If a document containing Confidential Information is so designated and marked as a deposition exhibit, such exhibit shall, if filed, be filed under seal. If testimony concerning Confidential Information is elicited at a deposition, hearing, or trial, counsel for any party may request that a designated portion of the transcript be treated as Confidential Information. Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the record at the deposition, hearing, or trial. If such a request is made, such portion of the transcript shall be so treated and filed under seal, if it is filed in the record.

11. All documents containing Confidential Information filed with the Court in connection with a motion or otherwise shall be filed under seal.

12. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

13. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any party that any document or information is, or is not, either confidential or admissible in evidence in this action, or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) to have information not covered by this Order treated as Confidential Information within the meaning of this Order, (ii) additional protection for specific documents or information; or (iii) relief from the provisions of this Order with respect to specific items or categories of documents or information.

14. Nothing contained in this Order shall be construed as preventing counsel from advising their respective clients as to counsel's opinions and conclusions so long as information designated as Confidential Information is not disclosed to persons not properly authorized to receive such information under this Order.

15. This Stipulation and Order shall be construed in accordance with and governed by the laws of the State of Colorado.

THUS DONE AND SIGNED this 13th day of January, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

**APPROVED AS TO FORM AND CONTENT:**


s/ Seth A. Rider                                             s/ Patrick DiBenedetto, Esq.

Seth A. Rider, Esq.                                        Patrick J. DiBenedetto, Esq.
Katherine L. Vaughn, Esq.                            Metier Law Firm, LLC
Baldwin Morgan & Rider, PC                       4828 S. College Avenue
1512 Larimer Street, Suite 450                    Fort Collins, CO 80525
Denver, CO 80202                                         Phone: (970) 377-3800
Phone: (303) 623-1832                                 Fax:  (970) 225-1476
Fax: (303) 623-1833                                     Email: patrick@metierlaw.com
Email:seth@bmrpc.com
katherine@bmrpc.com

ATTORNEYS FOR DEFENDANTS            ATTORNEY FOR PLAINTIFF
RAM TRUCKING, INC. AND                     LEONE S. CORYELL
JOE I. LASLEY

## **EXHIBIT 1 – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges receipt of that certain Stipulated Protective Order entered in *Coryell v. Lasley, et al.,* Case Number 11-CV-2559 RBJ-BNB, United States District Court for The District of Colorado.  I have reviewed that Protective Order and hereby agree to be bound by the terms thereof.

Date:   _____

By:   _____